UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASATUR ASATRYAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHRISTOPHER CHESTNUT, Warden, California City Correctional Center; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security, PAMELA BONDI, Attorney General of the United States, acting in their official capacities,<br><br>　　　　　Respondents. | No.  1:26-cv-00996-KES-SKO (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Asatur Asatryan is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Robles-Rodriguez v. Lyons*, No. 1:25-CV-02001-KES-SAB (HC), 2026 WL 303482 (E.D. Cal. Feb. 4, 2026); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that

distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 12. Respondents state that "[t]he *Robles-Rodriguez* and *R.A.N.O.* cases cited by the Court do not appear distinguishable in law or fact from this case." Doc. 13 at 1. While respondents oppose the petition, they do not raise any new arguments. *See* Doc. 10.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Robles-Rodriguez v. Lyons*, No. 1:25-CV-02001-KES-SAB (HC), 2026 WL 303482 (E.D. Cal. Feb. 4, 2026), and *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[1]

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    February 13, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

2